UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br> v. <br><br> JASON CAI and THE ESTATE OF YING DENG, Deceased, <br><br> Defendants. | Case No.: 09-CV-00396-LHK <br><br> ORDER DENYING LEAVE TO FILE AMENDED COUNTERCLAIM |

This case is an interpleader action brought by Plaintiff State Farm Life Insurance Company ("State Farm") to resolve competing claims to an insurance policy by Defendants Jason Cai and Estate of Ying Deng. Defendant Cai initially filed a counterclaim, entitled "Cross-Complaint of Complaint in Interpleader," against State Farm on July 7, 2009, ECF No. 12, which State Farm answered. Cai now moves to file an amended counterclaim, entitled "Motion to Cross-Complaint to Deny the Legal Fee," against State Farm.[1]

Under Federal Rule 15(a)(2), a court "should freely give leave [to amend the pleadings] when justice so requires." Accordingly, this Court would normally grant leave to file an amended counterclaim. In this case, however, the Court finds that the claims Defendant Cai seeks to add in

---

[1] Although Defendant Cai entitles these filings cross-complaints, the Court construes them as counterclaims. A counterclaim is a claim brought against an opposing party, whereas a crossclaim is a claim brought against a co-party. Fed. R. Civ. Pro. 13. In this case, because Cai is a defendant and State Farm is the plaintiff, State Farm is an opposing party in relation to Cai. Therefore Cai's claims against State Farm are more properly considered counterclaims.

1
Case No.: 09-CV-00396-LHK
ORDER DENYING LEAVE TO FILE AMENDED COUNTERCLAIM

his amended counterclaim are not claims against State Farm, but rather defenses to State Farm's Complaint and its Motion for Entry of Judgment and Order Awarding Attorney's Fees, ECF No. 40. Defendant Cai's proposed amended counterclaim is substantially similar to the counterclaim filed in 2009, except that it adds a third claim denying Cai's responsibility for State Farm's legal fees and prays for a judgment denying State Farm's request for legal fees. This denial of liability and the request that the Court deny the relief sought by Plaintiff are not independent claims that may be asserted in a counterclaim. Rather, they are defenses that are more properly included in an Answer to State Farm's Complaint or an opposition brief opposing State Farm's motion.

State Farm's motion for entry of judgment and attorney's fees is currently set for hearing on November 12, 2010. At that time, the Court will consider all arguments as to whether State Farm is entitled to legal fees to be paid from the insurance proceeds. If Defendant Cai wishes to do so, he may file an opposition to State Farm's motion explaining why State Farm should not be awarded costs and attorney's fees. Under the Court's Local Rules, an opposition brief must be filed by October 22, 2010. Even if no opposition is filed, the Court will not award State Farm attorney's fees without fully considering whether State Farm is entitled, under the law and the facts of this case, to recover such fees from the insurance proceeds.

For the reasons stated above, the Court DENIES Defendant Cai's motion for leave to file an amended counterclaim. Any arguments as to why State Farm is not entitled to legal fees should be included in an opposition to State Farm's motion and filed with the Court by October 22, 2010.

**IT IS SO ORDERED.**

Dated: October 13, 2010

_____
LUCY H. KOH
United States District Judge

2
Case No.: 09-CV-00396-LHK
ORDER DENYING LEAVE TO FILE AMENDED COUNTERCLAIM