1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY, | ) ) | Case No.: 09-CV-00396-LHK |
| | ) | |
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR ENTRY OF JUDGMENT AND ATTORNEY'S FEES; GRANTING MOTION TO DISMISS CROSS-COMPLAINT |
| v. | ) | |
| JASON CAI and THE ESTATE OF YING DENG, Deceased, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This case is an interpleader action brought by Plaintiff State Farm Life Insurance Company ("State Farm") to resolve competing claims to an insurance policy by Defendants Jason Cai and Estate of Ying Deng.  Currently before the Court are (1) Plaintiff State Farm Life Insurance Company's motion for entry of judgment and award of costs and attorney's fees, and (2) a motion by Cross-Defendants Cindy Press and Steven Defilippis to dismiss Defendant and Cross-Complainant Jason Cai's Cross-Complaint.  Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument.  Having considered the parties' submissions and the relevant law, the Court DENIES Plaintiff State Farm's motion for entry of judgment and attorney's fees without prejudice, and GRANTS Cross-Defendants' motion to dismiss with prejudice.  The motion hearing and case management conference scheduled for November 12, 2010, are hereby VACATED.

## I.  Background

This case involves a life insurance policy issued by Plaintiff State Farm Life Insurance Company ("State Farm" or "Plaintiff") to insure the life of Ying Deng in the amount of $250,000. Compl. ¶ 6.  When issued, the policy named Defendant Jason Cai as primary beneficiary and did not name any successor beneficiaries.  *Id.*  Ying Deng died on or about May 28, 2003, at which time $250,000 became due and payable under the life insurance policy.  Compl. ¶¶ 7-8.  State Farm alleges that it has at all times been ready, willing, and able to pay the insurance proceeds, but that it is unable to determine who is legally entitled to the proceeds due to competing claims by Defendants Jason Cai ("Cai") and the Estate of Ying Deng ("the Estate").  Compl. ¶¶ 9-10.  The Estate claims that Cai feloniously and intentionally killed his wife, Ying Deng, and that California Probate Code § 252 therefore mandates that the insurance proceeds pass to the Estate as though Cai predeceased Ying Deng.  Cross-Claim for Declaration of Rights under Insurance Policy ¶¶ 5-7, ECF No. 23.  Defendant Cai denies the Estate's allegations and claims that he is entitled to the insurance proceeds as primary beneficiary of Ying Deng's insurance policy.  Cross-Complaint of Complaint in Interpleader ¶ 2, ECF No. 12.  State Farm has deposited the insurance proceeds plus interest, in the amount of $303,907.36, with the Clerk of the Court.  Receipt #54611004592, Dkt. Text, ECF No. 1.  Because it has no further interest in the proceeds, State Farm moves for an entry of judgment in interpleader discharging it from liability and dismissing it from the action.  State Farm also seeks reimbursement for its litigation expenses, including reasonable attorney's fees, to be paid out of the insurance proceeds deposited with the Clerk of the Court.  Defendant Cai did not oppose State Farm's motion, and the Estate filed a late response objecting only to State Farm's attempt to have costs and fees awarded in this motion.[1]  Position of Def. Estate of Deng re: Mot. of State Farm for Entry of Judgment in Interpleader, ECF No. 51.

---

[1] In its response, the Estate states that "from the recent Reply Memorandum filed by Plaintiff State Farm, it appears that they are seeking to have costs determined and awarded in this motion." Position of Def. Estate of Deng re: Mot. of State Farm for Entry of Judgment in Interpleader 1, ECF No. 51.  In fact, it is clear from State Farm's opening brief, originally filed on April 6, 2010, that State Farm sought costs and fees in this motion.  The Estate's objections, filed 10 days before the motion hearing, are therefore untimely.  However, as the Court will deny State Farm's motion without prejudice on other grounds, the Estate will have an opportunity to object if and when State Farm renews its motion for costs and fees.

2

In addition to State Farm's motion, Cross-Defendants Cindy Press and Steven Defilippis move to dismiss the crossclaims filed against them by Defendant and Cross-Claimant Jason Cai. In his Cross-Complaint, Cai seeks to remove Cindy Press as Special Administrator of the Estate and asks the Court to award punitive damages against Cross-Defendants for violations of the Probate Code and for making slanderous and false claims. Cai has not opposed the Cross-Defendants' motion to dismiss his Cross-Complaint.

## II. Motion for Entry of Judgment in Interpleader and Award of Costs and Fees

Interpleader is a procedural device that allows the stakeholder of a sum of money to sue all those who may assert conflicting claims and force them to litigate who is entitled to the money. *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1265 (9th Cir. 1992). Interpleader's primary purpose is "to protect stakeholders from multiple liability as well as from the expense of multiple litigation." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000). Federal law authorizes two forms of interpleader actions. Federal Rule of Civil Procedure 22 permits interpleader where a plaintiff may be exposed to double or multiple liability, Fed. R. Civ. Pro. 22(a)(1), and where subject matter jurisdiction is established under the general statutes governing federal jurisdiction. *Bayona*, 223 F.3d at 1033. Alternatively, the federal interpleader statute grants district courts original jurisdiction over interpleader actions in which two or more adverse claimants of diverse citizenship claim entitlement to money or property held by the plaintiff. 28 U.S.C. § 1335. *See also Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1381-82 (9th Cir. 1988) (discussing statutory and rule interpleader). Once a court determines that interpleader is proper, it may discharge the stakeholder from further liability and dismiss it from the action. 28 U.S.C. § 2361; 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1714, at 627 (3d ed. 2001). A court may also, in its sound discretion, award attorney's fees and costs incurred in filing the interpleader action and pursuing plaintiff's release from liability. *Trustees of Directors Guild of America-Producer Pension Benefits*, 234 F.3d 415, 426 (9th Cir. 2000).

Case No.: 09-CV-00396-LHK
ORDER DENYING MOTION FOR ENTRY OF JUDGMENT AND ATTORNEY'S FEES; GRANTING MOTION TO DISMISS CROSS-COMPLAINT

*United States District Court*
*For the Northern District of California*

State Farm argues that it is entitled to a judgment in interpleader discharging it from liability and dismissing it from the action, as well as an award of litigation costs and attorney's fees. In its motion, however, State Farm relies entirely on provisions of the California Code of Civil Procedure that govern interpleader actions in state court.[2] Whether State Farm is entitled to an entry of judgment under the California Code of Civil Procedure is not relevant to an interpleader action brought in federal court. It is true that a federal court sitting in diversity will apply state substantive law in interpleader actions, and this Court will apply provisions of the California Probate Code in determining the claimants' entitlement to the insurance proceeds. *See Equitable Life Assur. Soc. of U.S. v. McKay*, 837 F.2d 904, 905 (9th Cir. 1988) (applying the law of the forum state in interpleader action under 28 U.S.C. § 1335); 7 Wright, Miller, & Kane, Federal Practice and Procedure § 1713, at 618 ("state law governs in Rule 22 and statutory-interpleader cases since the basis of the court's jurisdiction is diversity of citizenship"). However, interpleader itself is a procedural device, and district courts sitting in diversity are required to apply federal procedural law. *Vacation Village, Inc. v. Clark County*, 497 F.3d 902, 913-14 (9th Cir. 2007); *see also McKay*, 837 F.2d at 905 (applying federal interpleader statute in diversity jurisdiction). Accordingly, any motion for entry of judgment in interpleader must be made pursuant to either Federal Rule of Civil Procedure 22 or the federal interpleader statute, 28 U.S.C. § 1335. Here, State Farm asks the Court to enter judgment under California's interpleader statute, something this Court cannot do. The Court therefore DENIES State Farm's motion for entry of judgment and award of attorney's fees, without prejudice to renewal of this motion under the appropriate federal law.

### III. Motion to Dismiss Cross-Claims

Also before the Court is a motion by Cross-Defendants Cindy Press and Steve Defilippis to dismiss Jason Cai's Cross-Complaint for Cross-Claim for Declaration of Rights under Insurance Policy ("Cross-Compl."), ECF No. 26. In his Cross-Complaint, Cai names as Cross-Defendants

---

[2] In its notice of motion, State Farm states that its motion will be made pursuant to Rule 22 and the California Code of Civil Procedure, but its memorandum of points and authorities does not cite Rule 22 or any other federal law or case.

4

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  Cindy Press, Special Administrator of Ying Deng's estate; Steve Defilippis, counsel for the Estate

2  in this action; and Tamara Lopez, an unidentified individual who is not a party to this action.  Cai

3  asserts five claims against the Cross-Defendants, including: (1) Cross-Defendants brought him in

4  for a hearing in probate court scheduled earlier than permitted under the California Probate Code,

5  Cross-Compl. ¶ 1; (2) Cross-Defendants failed to give notice to Cai's daughter regarding the

6  appointment of an administrator for the estate, Cross-Compl. ¶ 2; (3) life insurance proceeds are

7  exempt from execution and should not be included in the estate, Cross-Compl. ¶ 3; (4) the Special

8  Administrator requested special power to donate, discard, or sell the deceased property, thereby

9  committing fraud or breach of fiduciary duty, Cross-Compl. ¶ 4; and (5) Cross-Defendants

10  slandered Cai in their motion in this case by accusing him of feloniously and intentionally killing

11  his wife, Ying Deng, a crime with which he was charged and acquitted, Cross-Compl. ¶ 5.  The

12  first four of these claims relate to probate proceedings pending in state court, while the fifth claim

13  relates to statements made in the course of the instant federal action.  Cai requests that the Court

14  remove Cindy Press as Special Administrator and award punitive damages against Tamara Lopez,

15  Cindy Press, and Steve Defilippis.  Cross-Compl. at 3.  Cross-Defendants Cindy Press and Steve

16  Defilippis now move to dismiss the Cross-Complaint under Federal Rules of Civil Procedure

17  12(b)(1) and 12(b)(6).

18  **A.  Legal Standard**

19  It is axiomatic that federal courts are courts of limited jurisdiction. *Vacek v. U.S. Postal*

20  *Service*, 447 F.3d 1248, 1250 (9th Cir. 2006).  "A federal court is presumed to lack jurisdiction in a

21  particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145

22  (9th Cir. 2003).  Accordingly, on a motion to dismiss for lack of subject matter jurisdiction under

23  Rule 12(b)(1), the party asserting jurisdiction has the burden of establishing that subject matter

24  jurisdiction is proper.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A Rule

25  12(b)(1) motion may be either a facial or factual attack on jurisdiction. *Wolfe v. Strankman*, 392

26  F.3d 358, 362 (9th Cir. 2004).  In this case, Cross-Defendants bring a facial attack "assert[ing] that

27  the allegations contained in a complaint are insufficient on their face to invoke federal

28

5

Case No.: 09-CV-00396-LHK
ORDER DENYING MOTION FOR ENTRY OF JUDGMENT AND ATTORNEY'S FEES; GRANTING MOTION
TO DISMISS CROSS-COMPLAINT

jurisdiction." *Id.* In considering a facial attack, a court must take the allegations in the pleadings as true and draw all reasonable inferences in the plaintiff's favor. *Id.* Here, in addition, the Court must construe Cai's cross-claims liberally, as they were drafted by a *pro se* litigant. *Id.*

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### B. Claims Related to State Court Probate Proceedings

Cross-Defendants argue that the probate exception and the *Rooker-Feldman* doctrine divest this Court of subject matter jurisdiction over the four crossclaims relating to probate proceedings currently pending in Santa Clara County Superior Court. The Court agrees in part and concludes that the probate-related crossclaims must be dismissed either for lack of subject matter jurisdiction or as crossclaims not authorized by the Federal Rules.

First, to the extent that Cai requests removal of the Special Administrator or otherwise asks this Court to take over administration of estate assets, the Court lacks subject matter jurisdiction under the probate exception to federal jurisdiction. The probate exception is a narrow exception that "reserves to state probate courts the probate or annulment of a will and the administration of a

Case No.: 09-CV-00396-LHK
ORDER DENYING MOTION FOR ENTRY OF JUDGMENT AND ATTORNEY'S FEES; GRANTING MOTION
TO DISMISS CROSS-COMPLAINT

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   decedent's estate" and "also precludes federal courts from endeavoring to dispose of property that

2   is in the custody of a state probate court."  *Marshall v. Marshall*, 547 U.S. 293, 311-12, 126 S.Ct.

3   1735 (2006).  To remove the Special Administrator or enjoin her from further administering the

4   estate, as Cai requests, would effectively require this Court to assert control over the administration

5   of estate assets currently in custody of the probate court.  Under the probate exception, this Court

6   lacks jurisdiction to provide such relief.  *Id.; see also Lefkowitz v. Bank of New York*, 528 F.3d 102,

7   107 (2d Cir. 2007) (holding that district court lacked jurisdiction under probate exception over

8   maladministration claims because relief plaintiff sought required district court to assert control over

9   estate assets).

10          Similarly, to the extent that Cai's crossclaims seek review of the probate court's decision to

11   appoint a Special Administrator or to allow her to take certain actions regarding the estate, this

12   Court lacks jurisdiction under the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine bars

13   district courts from exercising jurisdiction over cases in which "the plaintiff in federal district court

14   complains of a legal wrong allegedly committed by the state court, and seeks relief from the

15   judgment of that court."  *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).  Here, Cai appears to

16   contest the probate court's order appointing Cindy Press as Special Administrator and seeks relief

17   from that order in the form of an injunction or removal of the Special Administrator.   Under the

18   *Rooker-Feldman* doctrine, the Court lacks jurisdiction to consider claims that the probate court

19   erred in its administration of the estate and cannot provide Cai relief from the state court's orders

20   or judgment.

21          The Court does not agree, however, that the probate exception and *Rooker-Feldman* bar all

22   of Cai's probate-related claims.  To the extent that Cai seeks to assert claims against the Cross-

23   Defendants based on fraud or breach of fiduciary duty, Cross-Compl. ¶ 4, neither the probate

24   exception nor the *Rooker-Feldman* doctrine divest this Court of jurisdiction.  The probate

25   exception does not prevent federal courts from asserting jurisdiction over claims that are merely

26   related to probate matters, such as claims of fraud, undue influence, and breach of fiduciary duty.

27   *Campi v. Chirco Trust UDT 02-11-97*, 223 Fed. App'x 584, 585 (9th Cir. 2007); *see also*

28

Case No.: 09-CV-00396-LHK
ORDER DENYING MOTION FOR ENTRY OF JUDGMENT AND ATTORNEY'S FEES; GRANTING MOTION
TO DISMISS CROSS-COMPLAINT

United States District Court
For the Northern District of California

1  *Lefkowitz*, 528 F.3d at 107 ("The probate exception can no longer be used to dismiss 'widely

2  recognized tort[s]' such as breach of fiduciary duty or fraudulent misrepresentation merely because

3  the issues intertwine with claims proceeding in state court.").  The *Rooker-Feldman* doctrine is

4  similarly narrow in scope.  The Supreme Court has limited its application to "cases brought by

5  state-court losers complaining of injuries caused by state-court judgments rendered before the

6  district court proceedings commenced and inviting district court review and rejection of those

7  judgments."  *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct.

8  1517 (2005).  It does not deprive district courts of jurisdiction over claims alleging an illegal act by

9  an adverse party, even where those claims allege extrinsic fraud perpetrated by the adverse party

10  upon a state court.  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004).

11  Accordingly, to the extent that the claims in Paragraph 4 of the Cross-Complaint can be construed

12  to allege independent claims of fraud or breach of fiduciary duty, those claims are not barred by the

13  probate exception or the *Rooker-Feldman* doctrine.

14         Nonetheless, the Court finds that claims brought against the Cross-Defendants for actions

15  associated with the probate proceedings are not appropriately brought as crossclaims in this action.

16  A party may bring a cross-claim against a co-party "if the claim arises out of the transaction or

17  occurrence that is the subject matter of the original action or of a counterclaim, or if the claim

18  relates to any property that is the subject matter of the original action."  Fed. R. Civ. Pro. 13(g).  In

19  interpleader actions, crossclaims are generally permitted if they are asserted against the common

20  fund or the subject of the main action (in this case, the insurance proceeds).  6 Charles Alan

21  Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1432, at 296-97 (3d

22  ed. 2010).  However, crossclaims that "concern[] matters unrelated to the fund or subject matter of

23  the interpleader suit and [are] not against the common fund," should be dismissed.  *Id.* at 297.

24         The subject matter of this action is the disposition of life insurance proceeds under a policy

25  issued by State Farm.  The probate-related crossclaims alleged by Cai do not assert claims against

26  the insurance proceeds, nor do they raise issues factually or legally related to the original complaint

27  or any counterclaims in this case.  Accordingly, the Court finds that the probate-related crossclaims

28

Case No.: 09-CV-00396-LHK
ORDER DENYING MOTION FOR ENTRY OF JUDGMENT AND ATTORNEY'S FEES; GRANTING MOTION
TO DISMISS CROSS-COMPLAINT

do not arise out of the transaction or occurrence that is the subject matter of this action.  As such, the crossclaims are not authorized under Rule 13(g) and must be dismissed.  *See Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165, 2007 WL 2904223, at (E.D. Cal. Oct. 3, 2007) (dismissing crossclaims relating to decedent's estate because the claims did not arise out of the subject matter of the life insurance interpleader action); *Metropolitan Life Ins. Co. v. Cronenwett*, 162 F. Supp. 2d 889, 900 (S.D. Ohio 2001) (dismissing crossclaims relating to funds in a personal savings plan because the claims did not arise out of the subject matter of the life insurance interpleader action).

For the reasons discussed above, the Court concludes that the probate-related crossclaims must be dismissed for lack of subject matter jurisdiction and as crossclaims not authorized by the Federal Rules.  Because no allegations of fact could cure these jurisdictional deficiencies, granting leave to amend would be futile.  The Court therefore GRANTS Defendant's motion to dismiss the probate-related crossclaims with prejudice.

### C.  Claims Asserting Slander

Cai's final crossclaim alleges that Cross-Defendants committed slander by alleging in their Cross-Claim for Declaration of Rights under Insurance Policy, ECF No. 23, that Cai feloniously and intentionally killed his wife, Ying Deng.  Cross-Compl. ¶ 5.  Cross-Defendants move to dismiss this claim under Rule 12(b)(6) on grounds that California Civil Code section 47(b) provides an absolute privilege for tortious statements made during judicial proceedings.  The Court agrees that California's litigation privilege prevents Cai from stating a claim for slander.

The California Civil Code creates a privilege for publications or broadcasts made in any judicial proceeding.  Cal. Civ. Code § 47(b).  This litigation privilege "grants absolute immunity from tort liability for communications made in relation to judicial proceedings."  *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 599 (9th Cir. 2010) (quoting *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 737, 74 P.3d 737 (2003)).  The privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some

9

Case No.: 09-CV-00396-LHK
ORDER DENYING MOTION FOR ENTRY OF JUDGMENT AND ATTORNEY'S FEES; GRANTING MOTION
TO DISMISS CROSS-COMPLAINT

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212, 786 P.2d 365 (1990).

Here, the allegedly slanderous statements were made in a federal court proceeding by parties to the action and are clearly connected to the merits of the case. The question of whether Cai feloniously and intentionally killed Ying Deng is a central issue that will likely determine the disposition of the life insurance proceeds in this case. *See* Cal. Prob. Code § 252. While Cai is correct that his acquittal in criminal court is a final judgment, such judgment is not preclusive for purposes of this civil case. Because the criminal standard of proof is higher than the civil standard, an acquittal in criminal court will not necessarily prevent the Estate from proving a felonious and intentional killing under the civil standard of proof. *See, e.g., U.S. v. One Assortment of 89 Firearms*, 465 U.S. 354, 362, 104 S.Ct. 1099 (1984) (finding that acquittal in a criminal trial does not prevent the government from proving the same acts by a preponderance of the evidence in civil proceedings); *Standlee v. Rhay*, 557 F.2d 1303, 1305 (9th Cir. 1977) ("Because of [the] difference in burdens of proof, an adjudication of the issues in a criminal case does not constitute an adjudication on the preponderance-of-the-evidence burden applicable in civil proceedings.") (quotation marks and citation omitted). Accordingly, the California Probate Code provides that "[i]n the absence of a final judgment of conviction of felonious and intentional killing, the court may determine by a preponderance of evidence whether the killing was felonious and intentional for purposes of this part." Cal. Prob. Code. § 254(b). Thus, whether Cai feloniously or intentionally caused Ying Deng's death is an open question for purposes of this civil case and one that will likely determine which party is legally entitled to the insurance proceeds.

The allegations that Cai objects to in his Cross-Complaint are clearly connected to the central issues in this case and were made in a judicial proceeding, by litigants, to achieve the object of demonstrating the Estate's entitlement to the insurance proceeds. The Court therefore finds that the litigation privilege applies to these statements. While their allegations may ultimately be proven false, the Cross-Defendants cannot be held liable in tort for statements made to achieve the objects of the litigation. *Silberg*, 50 Cal. 3d at 212. Accordingly, Cai's crossclaim alleging false,

1    malicious, and slanderous accusations fails, as a matter of law, to state a claim upon which relief

2    can be granted.  The Court therefore GRANTS Cross-Defendants' motion to dismiss this

3    crossclaim with prejudice.

4    **IV. Conclusion**

5          For the foregoing reasons, the Court DENIES State Farm's motion for entry of judgment

6    and attorney's fees, without prejudice to renewal of its motion under the appropriate federal law.

7    The Court GRANTS the Estate's motion to dismiss Cai's Cross-Complaint for Cross-Claim for

8    Declaration of Rights under Insurance Policy.  Because no allegations of fact could cure the

9    deficiencies in the crossclaims, the Court dismisses the Cross-Complaint with prejudice, and Cai is

10   directed not to renew these claims in this Court.

11   **IT IS SO ORDERED.**

13   Dated: November 4, 2010

14                                                      LUCY H. KOH
                                                        United States District Judge

Case No.: 09-CV-00396-LHK
ORDER DENYING MOTION FOR ENTRY OF JUDGMENT AND ATTORNEY'S FEES; GRANTING MOTION
TO DISMISS CROSS-COMPLAINT