UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br> v. <br><br> JASON CAI and THE ESTATE OF YING DENG, Deceased, <br><br> Defendants. | Case No.: 09-CV-00396-LHK <br><br> ORDER DENYING MOTION TO DISMISS THE PROBATE CODE § 252 PORTION OF THIS ACTION |

This case is an interpleader action brought by Plaintiff State Farm Life Insurance Company ("State Farm") to resolve competing claims to an insurance policy by Defendants Jason Cai and the Estate of Ying Deng (the "Estate"). Currently before the Court is a motion by Defendant Jason Cai to dismiss the portion of this case brought under California Probate Code § 252. Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument. Having considered the parties' submissions and the relevant law, the Court DENIES Defendant's motion to dismiss.

**I. Background**

This case involves a life insurance policy issued by State Farm to insure the life of Ying Deng in the amount of $250,000. Compl. ¶ 6. When issued, the policy named Defendant Jason Cai as primary beneficiary and did not name any successor beneficiaries. *Id.* Ying Deng died on or about May 28, 2003, at which time $250,000 became due and payable under the life insurance

1

policy. Compl. ¶¶ 7-8. The Estate claims that Cai feloniously and intentionally killed his wife, Ying Deng, and that California Probate Code § 252 therefore mandates that the insurance proceeds pass to the Estate as though Cai predeceased Ying Deng. Cross-Claim for Declaration of Rights under Insurance Policy ¶¶ 5-7, ECF No. 23. Defendant Cai denies the Estate's allegations and claims that he is entitled to the insurance proceeds as primary beneficiary of Ying Deng's insurance policy. Cross-Complaint of Complaint in Interpleader ¶ 2, ECF No. 12. Defendant Cai has now moved "to dismiss [the] Probate Code 252 portion of this case" on grounds that the statute of limitations for wrongful death actions has expired. Mot. to Dismiss This Case with Probate Code 252 ("Def.'s Mot."), ECF No. 53.

**II. Legal Standard**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare System*, LP, 534 F.3d 1116, 1121 (9th Cir. 2008). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**III. Discussion**

Defendant Cai moves to "dismiss Probate Code 252 portion of this case." Def.'s Mot. 1. The Court construes Defendant Cai's submission as a motion to dismiss the Estate's Cross-Claim, which seeks a declaration that California Probate Code § 252 requires the insurance proceeds to pass to the Estate. Cross-Claim for Declaration of Rights under Insurance Policy ¶¶ 5-7 & p. 3, ECF No. 23. California Probate Code § 252 provides:

> A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent.

The Estate claims that Cai feloniously and intentionally killed his wife, Ying Deng, and that California Probate Code § 252 therefore mandates that the insurance proceeds pass to the Estate as though Cai predeceased Ying Deng. In his motion, Cai argues that the Cross-Claim based on California Probate Code § 252 is barred because the statute of limitations for a wrongful death action has expired. Cai also claims that a wrongful death action has already been filed and dismissed in state court. The Court finds that the Cross-Claim of the Estate is not barred by the statute of limitations for wrongful death, nor is it barred by the alleged procedural dismissal of the wrongful death action in state court.

**A. Statute of Limitations**

California state law prescribes a two-year limitation on filing an action for the death of an individual caused by the wrongful act of another. Cal. Civ. Proc. Code § 335.1. Statutes of limitations are intended to prevent needless delay in resolving grievances. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004). After the statute of limitations has expired, commencement of the action is barred. Cal. Civ. Proc. Code § 312. As such, statutes of limitations only govern when a lawsuit must be filed, and do not proscribe discussion of the underlying facts in unrelated matters. *Cf. City of Saint Paul v. Evans*, 344 F.3d 1029, 1033 (9th Cir. 2003) (commenting that courts generally allow defenses that, if raised as claims, would be time-barred).

No claim of wrongful death, or any other personal injury, exists in the present action. California Probate Code § 252 prohibits a beneficiary who feloniously and intentionally kills the

3

1   insured of a life insurance policy from receiving its benefit.  It is not a cause of action for the death
2   of a person caused by the wrongful act of another.  The Estate has asserted California Probate Code
3   § 252 in seeking a determination of their rights to the proceeds of the policy insuring Ying Deng's
4   life, not for wrongful death damages.  Estate's Answer ¶1.
5         It may be true that the statute of limitations for a wrongful death action, absent any tolling,
6   has expired.  However, because the Estate's claim for insurance proceeds pursuant to Probate Code
7   § 252 is not a wrongful death action, the statute of limitations does not bar the Estate's Cross-
8   Claim.

### B. Dismissal of Wrongful Death Action in State Court

10         Defendant Cai also claims that a wrongful death suit was filed by the decedant's mother,
11   Shen Hui Di, on June 24, 2005, and that this case was dismissed five years later according to a
12   California statute of limitations.  Cai thus appears to suggest that the Estate is improperly
13   reasserting the wrongful death action in the present case, thereby circumventing the state court's
14   dismissal.  As the Court explained above, the Estate is not attempting to assert a wrongful death
15   claim in this action.  Nonetheless, it is true that if an issue is decided in a prior lawsuit, a party to
16   that prior lawsuit cannot relitigate the issue in a subsequent lawsuit.  *See City of Arcadia v. State*
17   *Water Resources Control Bd.*, 191 Cal. App. 4th 156, 172, 119 Cal. Rptr. 3d 232 (Cal. Ct. App.
18   2010).  This doctrine is known as issue preclusion or collateral estoppel.  Thus, if the state court
19   had decided the precise issue of whether Cai feloniously and intentionally killed Ying Deng in the
20   wrongful death action, the Estate could not attempt to relitigate that issue here, and this Court
21   would likely be bound by the state court's determination.  In order for issue preclusion to apply,
22   however, three requirements must be met: (1) the issue raised in the present action must be
23   identical to the issue litigated in a prior proceeding; (2) the prior proceeding must have resulted in a
24   final judgment on the merits; and (3) the party against whom the doctrine is being asserted must
25   have been a party, or in privity with a party, to the prior proceeding.  *Id.*
26         Here, the moving papers suggest that the wrongful death action was dismissed pursuant to
27   California Code of Civil Procedure §§ 583.310, 583.360, which mandates dismissal if a case is not

brought to trial within five years.[1] There is no indication that the state court adjudicated the issue of whether Cai feloniously and intentionally killed Ying Deng. Without a final determination on the merits of this precise issue, the procedural dismissal of the state-court wrongful death action has no preclusive effect on the interpleader action before this Court. Thus, the Estate is not barred from raising Probate Code § 252 merely because the state-court wrongful death action was dismissed.

### IV. Conclusion

For the foregoing reasons, the Court DENIES Defendant Cai's motion for dismissal of the Estate's Cross-Claim.

**IT IS SO ORDERED.**

Dated: March 11, 2011

_____
LUCY H. KOH
United States District Judge

---

[1] The Estate claims that the state court's dismissal was later set aside and that the wrongful death action is currently stayed. The Court cannot determine the actual status of the state court case based on the party's submissions.