UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY, ) ) Plaintiff, ) v. ) ) JASON CAI and THE ESTATE OF YING ) DENG, Deceased, ) ) Defendants. ) ) AND RELATED COUNTERCLAIM AND ) CROSS-COMPLAINT. ) ) | Case No.: 09-CV-00396-LHK ORDER GRANTING UNOPPOSED MOTION FOR STAY |

Before the Court is Cross-Defendant Cindy Press's motion for stay, filed February 6, 2012. ECF No. 68. The motion included a proof of service, indicating the notice of motion, motion, and memorandum of points and authorities in support thereof were mailed to Defendant Jason Cai on February 3, 2012. *See id.* at 6. Any opposition needed to be served and filed not more than 14 days after the motion was served and filed, i.e., by February 20, 2012. Civ. L.R. 7-3(a). As of February 23, 2012, no party has filed an opposition. Pursuant to Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for determination without oral argument. Accordingly, the hearing on the motion set for April 12, 2012, is hereby VACATED. Having considered the motion and the relevant legal authorities, the Court GRANTS the motion for the reasons set forth below.

1

Case No.: 09-CV-00396-LHK
ORDER GRANTING UNOPPOSED MOTION FOR STAY

### I. Factual and Procedural Background

The complaint in the above-captioned case was filed on January 28, 2009. ECF No. 1. The case was reassigned to the undersigned judge on August 2, 2010. ECF No. 38.

This lawsuit concerns the distribution of the proceeds of the life insurance policy of Mr. Cai's deceased wife, Ying Deng. Concurrent with the filing of the complaint, State Farm, the carrier of Ying Deng's life insurance policy, deposited the insurance proceeds plus interest, in the amount of $303,907.36, with the Clerk of the Court. Receipt # 54611004592, ECF No. 1. The Estate of Ying Deng ("the Estate") claims that Mr. Cai feloniously and intentionally killed Ying Deng, and that California Probate Code § 252 therefore mandates that the insurance proceeds pass to the Estate as though Mr. Cai predeceased Ying Deng. Cross-Claim for Decl. of Rights under Ins. Policy, ECF No. 23, ¶¶ 5-7. Mr. Cai denies the Estate's allegations and claims that he is entitled to the insurance proceeds as primary beneficiary of Ying Deng's insurance policy. Cross-Complaint of Complaint in Interpleader, ECF No. 12, ¶ 2.

Mr. Cai has been in custody and unrepresented since the beginning of this case. ECF No. 33. Mr. Cai is currently facing a criminal trial in Santa Clara Superior Court for the alleged murder of the prior attorney for the Estate. Mot. 2. On March 25, 2011, the Court issued an Order referring Mr. Cai to the Federal Pro Bono Project. ECF No. 60. The Project has been unable to identify an attorney willing to take this case on a pro bono basis.

The parties have not had an initial case management conference, nor have the parties exchanged initial disclosures. On January 19, 2012, at Mr. Cai's request, the Court continued a case management conference set for January 25, 2012, to February 29, 2012, at 2:00 p.m. ECF No. 65. As the Court noted in its Order, Mr. Cai's participation in this case has been seriously hampered due to his custodial status and to his lack of legal representation. This matter has been open for nearly three years and discovery has not commenced. In light of the above-mentioned challenges to Mr. Cai's active participation in this matter, the Court asked the parties to consider stipulating to a dismissal without prejudice and to the tolling of the statute of limitations for any claims and counterclaims or moving the Court to stay this action and administratively close the file

pending resolution of Mr. Cai's criminal trial and/or his appointment of counsel. The instant motion for stay followed.

## II. Analysis

Ms. Press asks the Court to stay all proceedings, including but not limited to motions and discovery, in this civil mater pending the outcome of the criminal prosecution by the Santa Clara County District Attorney's Office against Mr. Cai in Santa Clara Superior Court case number CC810427. Mot. 2. Ms. Press argues that the subject matter of this civil case and that of Mr. Cai's pending criminal case are not identical, but are related. *Id.* at 4. Ms. Press also argues that Mr. Cai's pending criminal cases serves "as an impediment to his meaningful participation in the case at bar, and to the expeditious conclusion of this matter." *Id.*

A court may decide in its discretion to stay civil proceedings "when the interests of justice seem to require such an action." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be determined based on the circumstances and competing interests involved in the case. *Id.* The court should consider the following factors: 1) the extent to which the defendant's Fifth Amendment rights are implicated; 2) the interest of the plaintiff in proceeding with the litigation and the potential prejudice to plaintiff of a delay; 3) the convenience of the court and the efficient use of judicial resources; 4) the interests of third parties; and 5) the interests of the public. *Id.* at 324-25. "[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil . . . action involving the same matter." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980).

The Court has weighed all of the factors and finds that in balance, they warrant a temporary stay in this case. The Court agrees with Ms. Press that the issues in this case, which involve Mr. Cai's alleged murder of Ying Deng, are only tangentially related to the issues involved in Mr. Cai's pending criminal trial, which involve Mr. Cai's alleged murder of the Estate's prior attorney. Nevertheless, the issues need not be identical for them to implicate Mr. Cai's Fifth Amendment rights. *See U.S. ex rel. Westrick v. Second Chance*, Civ. Action No. 04-280 (RWR), 2007 WL

3

Case No.: 09-CV-00396-LHK
ORDER GRANTING UNOPPOSED MOTION FOR STAY

1020808, at *2 (D.D.C. Mar. 31, 2007). Thus, the first factor tips slightly in favor of temporarily staying this action.

Although it would seem that the second factor -- the interest of the plaintiff in proceeding with the litigation and the potential prejudice to plaintiff of a delay -- might weigh against a stay, Plaintiff has not opposed Ms. Press's motion for stay. Thus, the second *Keating* factor does not weigh against a temporary stay here.

To the extent that the remaining *Keating* factors are implicated, they weigh in favor of temporarily staying this case.[1] The Court has already continued several case management conferences due to Mr. Cai's custodial status and his inability to obtain representation. Once Mr. Cai's criminal prosecution is resolved, he will presumably be able to meaningfully participate in this civil lawsuit. Moreover, the public interest is furthered by a stay because "the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Jones v. Conte*, No. 04-CV-5312-SI, 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005). Therefore, the Court finds that a stay ensures the efficient use of judicial resources and supports the public interest.

### III. CONCLUSION

Having considered all of the *Keating* factors, the Court finds that a temporary stay is warranted in this case. The Court GRANTS Ms. Press's motion and STAYS this civil matter until the resolution of Mr. Cai's pending criminal case in Santa Clara Superior Court, case number CC810427. At that time, either party shall file a status report informing the Court that Mr. Cai's pending criminal case has been resolved. The February 29, 2012 case management conference is hereby VACATED. The clerk shall administratively close the file while this case is stayed.

**IT IS SO ORDERED.**

Dated: February 23, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[1] As no party has opposed this motion, the Court is not aware of any third party that would be impacted by a temporary stay.

4
Case No.: 09-CV-00396-LHK
ORDER GRANTING UNOPPOSED MOTION FOR STAY