UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br>　v.<br>JASON CAI and THE ESTATE OF YING DENG, Deceased,<br>　　　　　Defendants. | Case No.: 09-CV-00396-LHK<br><br>ORDER GRANTING STATE FARM'S MOTION FOR JUDGMENT IN INTERPLEADER AND GRANTING IN PART AND DENYING IN PART STATE FARM'S MOTION FOR ATTORNEYS' FEES AND COSTS |

　　　　Plaintiff State Farm Life Insurance Company filed this interpleader action to resolve competing claims by Defendants Jason Cai and the Estate of Ying Deng ("the Estate") to an insurance policy. Before the Court is State Farm's renewed motion for entry of judgment and award of costs and attorneys' fees. Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument and accordingly VACATES the hearing set for September 26, 2013, at 1:30 p.m. Having considered the parties' submissions and the relevant law, the Court GRANTS State Farm's renewed motion for entry of judgment in interpleader and GRANTS in part and DENIES in part State Farm's motion for attorneys' fees.

1

## I. BACKGROUND

Plaintiff State Farm Life Insurance Company issued a policy insuring the life of Ying Deng in the amount of $250,000. ECF No. 1 at ¶ 6. When issued, the policy named Defendant Jason Cai, Ying Deng's husband, as the primary beneficiary and did not name any successor beneficiaries. *Id.* Ying Deng died on or about May 28, 2003, at which time $250,000 became due and payable under the life insurance policy. *Id.* at ¶¶ 7–8. State Farm alleges that it has at all times been ready, willing, and able to pay the insurance proceeds, but that it is unable to determine who is legally entitled to the proceeds due to competing claims by Defendants Cai and the Estate. *Id.* at ¶¶ 9–10. The Estate claims that Cai feloniously and intentionally killed Ying Deng and that California Probate Code § 252 therefore mandates that the insurance proceeds pass to the Estate as though Cai predeceased Ying Deng. ECF No. 23 at ¶¶ 5–7. Cai denies the Estate's allegations and claims that he is entitled to the insurance proceeds as primary beneficiary of Ying Deng's insurance policy. ECF No. 12 at ¶ 2. State Farm has deposited the insurance proceeds plus interest, in the amount of $303,907.36, with the Clerk of the Court. ECF No. 1 at ¶ 11.

State Farm, having no further interest in the action, moved under California law for judgment in interpleader and an award of attorneys' fees and costs on April 6, 2010. ECF No. 28. On August 2, 2010, the case was re-assigned from Judge Fogel to the undersigned judge, and the motion was re-noticed on September 1, 2010. ECF No. 40. Neither defendant filed an opposition to this motion. On November 4, 2010, this Court denied the motion on the grounds that a stakeholder's discharge from a federal rule interpleader action is controlled by federal law, but State Farm's motion was grounded in state law. ECF No. 52. The Court's denial, however, was without prejudice, so as to allow State Farm to renew its motion under appropriate federal law. *See id.* State Farm renewed its motion. ECF No. 83. The Estate filed an opposition, stating that it did not object to the entry of judgment but that it opposed an award of fees. ECF No. 89.

## II. LEGAL STANDARDS

Interpleader is a procedural device that allows the stakeholder of a sum of money to sue all those who may assert conflicting claims and force them to litigate their competing claims. *Cripps*

2

Case No.: 09-CV-00396-LHK
ORDER GRANTING STATE FARM'S MOTION FOR JUDGMENT IN INTERPLEADER AND GRANTING IN PART AND DENYING IN PART STATE FARM'S MOTION FOR ATTORNEYS' FEES AND COSTS

*v. Life Ins. Co. of North America*, 980 F.2d 1261, 1265 (9th Cir. 1992).  The primary purpose of interpleader is "to protect stakeholders from multiple liability as well as from the expense of multiple litigation."  *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000).  Federal law authorizes two forms of interpleader actions.  Federal Rule of Civil Procedure 22 permits interpleader where a plaintiff may be exposed to double or multiple liability and where subject matter jurisdiction is established under the general statutes governing federal jurisdiction.  Fed. R. Civ. Proc. 22(a)(1); *Bayona*, 223 F.3d at 1033.  Alternatively, the federal interpleader statute grants district courts original jurisdiction over interpleader actions in which two or more adverse claimants of diverse citizenship claim entitlement to money or property held by the plaintiff.  28 U.S.C. § 1335; *see also Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1381–82 (9th Cir. 1988) (discussing statutory and rule interpleader).  Once a court determines that interpleader is proper and the stakeholder deposits the *res* with the court, the court may discharge a disinterested stakeholder from the action by issuing a judgment in interpleader.  28 U.S.C. § 2361 (providing for statutory interpleader discharge); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1714, at 627 (3d ed. 2001) (explaining rule interpleader discharge).

A court may in its discretion award attorneys' fees and costs incurred by a disinterested stakeholder in filing an interpleader action and pursuing release from liability.  *Trustees of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000), *opinion amended on denial of reh'g*, 255 F.3d 661 (9th Cir. 2000).  Because interpleader "benefits all parties 'by promoting early litigation on the ownership of the fund,'" courts are inclined to grant such awards.  *Id.* at 426 (quoting *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 193 (9th Cir. 1962)).  However, "there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it."  *Id.* at 427.  Furthermore, "attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing the [plaintiff's] release from

3

liability." *Id.* at 426. Accordingly, fee awards are "typically modest," *id.*, and fees are not awarded as a matter of course, Wright et al., *supra*, § 1714.

### III. DISCUSSION

#### A. Renewed Motion for Judgment in Interpleader

State Farm, having successfully interpleaded Defendants under Rule 22, continues to insist that a stakeholder may not be granted judgment in interpleader on federal law grounds, and instead argues for its discharge pursuant to California law.[1] This assertion is not grounded in any relevant authority, nor is it supported by federal practice. *See Bayona*, 223 F.3d at 1032; *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009); Wright et al., *supra*, § 1714. As stated in this Court's prior order, entering a judgment in interpleader under the California statute is "something this Court cannot do." ECF No. 52 at 4.

Despite State Farm's failure to address the relevant law, State Farm is nevertheless entitled to judgment in interpleader under federal law. State Farm dutifully deposited the disputed life insurance proceeds, and it has cited the federal interpleader rule in its moving papers. ECF Nos. 1, 83. No party objects to State Farm's discharge, nor has the record at any point suggested that State Farm is anything but a disinterested party properly entitled to discharge. *See* ECF No. 89 at 5 (Estate's opposition stating that it "has no objection to Plaintiffs' request to be discharged"). The Court therefore GRANTS State Farm's motion for entry of judgment in interpleader.

#### B. Attorneys' Fees and Costs

State Farm grounds its motion for fees and costs in California law. ECF No. 84 at 4. The Estate objects, arguing that the law of the case as established in the Court's order of November 4, 2010, forecloses State Farm's argument. ECF No. 89. However, the Court never reached the issue of fees in its prior order. Rather, the Court denied fees solely on the basis of its ruling on State Farm's underlying motion for judgment in interpleader. *See* ECF No. 52 at 4. The ruling on the

---

[1] It is possible that State Farm intended to advance a more nuanced argument. However, State Farm's memorandum in support its motion begins midsentence and is missing its first three sections. *See* ECF No. 84 at 1–2.

4

Case No.: 09-CV-00396-LHK
ORDER GRANTING STATE FARM'S MOTION FOR JUDGMENT IN INTERPLEADER AND GRANTING IN PART AND DENYING IN PART STATE FARM'S MOTION FOR ATTORNEYS' FEES AND COSTS

1  underlying motion, however, was without prejudice, as was the ruling on fees.  Accordingly, the

2  Court will now consider the merits of State Farm's motion for attorneys' fees and costs.

3  While State Farm erroneously contends that it is entitled to fees as a matter of state law, it

4  nevertheless cites on-point federal precedent in its request.  ECF No. 84 at 6 (citing *Schirmer*).  In

5  awarding fees, federal courts must exercise their discretion to find a balance between the need to

6  incentivize interpleader actions where appropriate and the need to protect the fund from excessive

7  awards.  *See Tise*, 234 F.3d at 426; *Schirmer*, 306 F.2d at 193; Wright et al., *supra*, at § 1719.  The

8  Court notes that the "modest" fees referred to in *Tise* were truly modest.  *Tise*, 234 F.3d at 415

9  (upholding award of 0.8% of $365,000 fund, finding it "in line with those commonly granted to

10 interpleader plaintiffs"); *see also Schirmer*, 306 F.2d at 194–95 (remanding for reduction award of

11 10.4% of $48,000 fund); *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986)

12 (awarding 1.6% of $63,000 fund).

13 State Farm estimates its total fees and costs at around $44,000, but seeks only $25,000.

14 ECF No. 85 at 10.  $25,000 out of a $304,000 fund is excessive.  Quantitatively, the request asks

15 for more than 8% of a relatively large fund.  Other interpleader plaintiffs have managed to file

16 actions and secure release from liability for far less in both absolute terms and in proportion to the

17 fund.  The Court further finds that portions of State Farm's expenditures were unnecessary.  For

18 example, State Farm expended $19,920 in pursuit of its two motions for judgment in interpleader

19 that relied almost exclusively on irrelevant state law.  *See* ECF No. 85 at ¶¶ 19, 22, 30–32.  In

20 addition, State Farm spent $5,614 on attorneys' fees after the Court's initial order denying the

21 motion for entry to judgment.  *Id.* at ¶¶ 25–29.  These expenses could have been avoided had State

22 Farm's counsel initially filed a motion for judgment in interpleader based on appropriate law.

23 Furthermore, the Court finds that some of the billings that made up the remaining $17,407 in fees

24 and costs are excessive.  For example, State Farm's attorneys billed $6,919.50 for various vague

25 communications, including conversations with attorneys not confirmed to be representing parties in

26 the case and direct contacts with Cai and his mother about unspecified "aspects" of the case.  *Id.* at

27 ¶¶ 8–12, 14.

28

5

Case No.: 09-CV-00396-LHK
ORDER GRANTING STATE FARM'S MOTION FOR JUDGMENT IN INTERPLEADER AND GRANTING IN
PART AND DENYING IN PART STATE FARM'S MOTION FOR ATTORNEYS' FEES AND COSTS

Accordingly, the Court finds that an award of $15,000 in fees and costs is sufficient to compensate State Farm as a disinterested interpleader plaintiff and to incentivize future interpleader actions without depleting the fund.  This is more than 4% of the fund, which is in line with Ninth Circuit authority, and the award adequately compensates State Farm for its bona fide expenditures as a disinterested interpleader plaintiff.

## IV.     CONCLUSION

For the foregoing reasons, the Court hereby GRANTS State Farm's motion for judgment in interpleader.  The Court GRANTS in part and DENIES in part State Farm's motion for an award of reasonable attorney's fees, and awards State Farm $15,000 to be paid from the fund.

**IT IS SO ORDERED.**

Dated: September 6, 2013

_____
LUCY H. KOH
United States District Judge