1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY, | Case No.: 09-CV-00396-LHK |
| Plaintiff, | PRELIMINARY JURY INSTRUCTIONS (ANNOTATED) |
| v. | |
| JASON CAI and THE ESTATE OF YING DENG, Deceased, | |
| Defendants. | |
| CINDY PRESS, as Special Administrator of the Estate of Ying Deng, | |
| Cross-Claimant, | |
| v. | |
| JASON CAI, | |
| Cross-Defendant. | |

Dated: September 19, 2014

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

1

# 1. DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.1A (2007 Edition)

**United States District Court**
For the Northern District of California

2

### 2. BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.3 (2007 Edition)

Case No.: 09-CV-0396-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

**United States District Court**
For the Northern District of California

### 3.   WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

     1. the sworn testimony of any witness;

     2. the exhibits which are received into evidence; and

     3. any facts to which the lawyers have agreed.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.6 (2007 Edition)

Case No.: 09-CV-0396-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

**United States District Court**
For the Northern District of California

**4.   WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.7 (2007 Edition)

United States District Court
For the Northern District of California

## 5.  EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.8 (2007 Edition)

Case No.: 09-CV-0396-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

## 6.  DIRECT OR CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.9 (2007 Edition)

## 7.  RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.10 (2007 Edition)

Case No.: 09-CV-0396-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

United States District Court
For the Northern District of California

1

2

## 8. CREDIBILITY OF WITNESSES

3

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.11 (2007 Edition)

Case No.: 09-CV-0396-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

United States District Court
For the Northern District of California

## 9.  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.

> But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court. Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.12 (2007 Edition)

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 10. TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.14 (2007 Edition)

Case No.: 09-CV-0396-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

## 11. JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION

Languages other than English may be used during this trial.

The evidence to be considered by you is only that provided through the official court interpreters. Although some of you may know Mandarin, it is important that all jurors consider the same evidence. Therefore, you must accept the English interpretation. You must disregard any different meaning.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.16 (2007 Edition)

Case No.: 09-CV-0396-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

## 12. USE OF INTERPRETERS IN COURT

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.17 (2007 Edition)

Case No.: 09-CV-0396-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

## 13. BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.18 (2007 Edition)

Case No.: 09-CV-0396-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

1

## 14. CLAIMS AND DEFENSES

2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

3

The Cross-Claimant, the Estate of Ying Deng, claims that Jason Cai feloniously and intentionally killed his wife, Ying Deng.

4

Felonious means deliberately and without justification. Intentional means that the killer must have acted with either the intention to kill the victim or performed acts with a conscious disregard of their danger to the life of the victim.

5

6

The plaintiff has the burden of proving this claim by a preponderance of the evidence.

7

The Cross-defendant, Jason Cai, denies this claim.

8

9

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.2 (2007 Edition); Cal. Probate Code § 252; *New York Life Ins. Co. v. Cawthrone*, 48 Cal. App. 3d 651, 653–54 (Ct. App. 1975); *Estate of McGowan*, 25 Cal. App. 3d 611, 616–619 (Ct. App. 1973).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 09-CV-0396-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)

**United States District Court**
For the Northern District of California

1

**15. OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.19 (2007 Edition)

Case No.: 09-CV-0396-LHK
PRELIMINARY JURY INSTRUCTIONS (ANNOTATED)