**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

|   |   |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>  v.<br><br>JASON CAI and THE ESTATE OF YING DENG, Deceased,<br><br>        Defendants.<br><br>CINDY PRESS, as Special Administrator of the Estate of Ying Deng,<br><br>        Cross-Claimant,<br><br>  v.<br><br>JASON CAI,<br><br>        Cross-Defendant. | Case No.: 09-CV-00396-LHK<br><br>PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED) |

The parties shall file any objections to these proposed final jury instructions by 3 p.m., Thursday, October 2, 2014.

**IT IS SO ORDERED.**

Dated: October 1, 2014

                                                   *Lucy H. Koh*
LUCY H. KOH
United States District Judge

## 1. DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.1C (2007 edition)

## 2. BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.3 (2007 edition)

# 3. WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.6 (2007 Edition)

### 4. WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

> (1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.
>
> (2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.
>
> (3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.
>
> (4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.7 (2007 Edition)

Case No.: 09-CV-0396-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

## 5. DIRECT OR CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.9 (2007 Edition)

## 6. CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

>   (1) the opportunity and ability of the witness to see or hear or know the things testified to;
>
>   (2) the witness's memory;
>
>   (3) the witness's manner while testifying;
>
>   (4) the witness's interest in the outcome of the case and any bias or prejudice;
>
>   (5) whether other evidence contradicted the witness's testimony;
>
>   (6) the reasonableness of the witness's testimony in light of all the evidence; and
>
>   (7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.11 (2007 Edition)

## 7. NOTES

Whether or not you have taken notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Source**: Ninth Circuit Model Civil Jury Instructions - 1.14 (2007 Edition)

## 8. EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source**: Ninth Circuit Model Civil Jury Instructions - 2.11 (2007 Edition)

### 9. IMPEACHMENT EVIDENCE

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness.

However, the fact that a witness is incarcerated may not be considered in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness.

**Source**: Ninth Circuit Model Civil Jury Instructions - 2.8 (2007 Edition) (modified)

## 10. READING OF PRIOR TESTIMONY IN LIEU OF LIVE TESTIMONY

The prior testimony of Shen Hui Di and Grace Shum was read to you. The witnesses were placed under oath to tell the truth, and previously testified in court. When a person is unavailable to testify at trial, the prior testimony of that person may be used at the trial.

You should consider the prior testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Source**: Ninth Circuit Model Civil Jury Instructions - 2.4 (2007 Edition) (modified); Federal Rules of Evidence 804.

Case No.: 09-CV-0396-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

## 11. TELEPHONIC TESTIMONY IN LIEU OF IN PERSON TESTIMONY

Jason Cai testified by telephone. You should consider his telephonic testimony in the same way as if he had been present in person to testify.

**Source**: Ninth Circuit Model Civil Jury Instructions - 2.4 (2007 Edition) (modified)

### 12. CALIFORNIA PROBATE CODE § 252—ELEMENTS AND BURDEN OF PROOF

California Probate Code § 252 provides that:

> A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent.

Cross-claimant, the Estate of Ying Deng, contends that Jason Cai feloniously and intentionally killed Ying Deng.

Cross-defendant, Jason Cai, denies that he feloniously and intentionally killed Ying Deng.

Felonious means deliberately and without justification. Intentional means that the killer must have acted with either the intention to kill the victim or performed acts with a conscious disregard of their danger to the life of the victim.

In order to prevail, Cross-claimant, the Estate of Ying Deng, must prove by a preponderance of the evidence that Jason Cai feloniously and intentionally killed Ying Deng.


**Source**: Ninth Circuit Model Civil Jury Instructions - 1.2 (2007 Edition) (modified); Cal. Probate Code § 252; *New York Life Ins. Co. v. Cawthrone*, 48 Cal. App. 3d 651, 653–54 (Ct. App. 1975); *Estate of McGowan*, 25 Cal. App. 3d 611, 616–619 (Ct. App. 1973).

## 13. DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source**: Ninth Circuit Model Civil Jury Instructions - 3.1 (2007 Edition)

## 14. CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Source**: Ninth Circuit Model Civil Jury Instructions - 3.1A (2007 Edition)

### 15. COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Source**: Ninth Circuit Model Civil Jury Instructions - 3.2 (2007 Edition)

Case No.: 09-CV-0396-LHK
PROPOSED FINAL JURY INSTRUCTIONS (ANNOTATED)

## 16. RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Source**: Ninth Circuit Model Civil Jury Instructions - 3.3 (2007 Edition)